09-1327-cr
United States v. Serna

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25ᵗʰ day of May, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
>     *Circuit Judges*,
> BRIAN M. COGAN,
>     *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

       *Appellee*,

   v.                                    No. 09-1327-cr

TOMAS SERNA, also known as Thomas Serna, also known as
Antonio Madrid, also known as Negro, also known as
Leonardo Madrid, also known as Leonardo Madrin, also known
as Ramon Madrid, also known as Roman Rodriguez,

       *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*] The Honorable Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

1

FOR APPELLANT:          John S. Wallenstein, Parson & Wallenstein LLP, Garden City, New York.

FOR APPELLEES:          Susan Corkery and Walter M. Norkin, Assistant United States Attorneys, and Benton J. Campbell, United States Attorney, Office of the United States Attorney, Eastern District of New York.

Appeal from a March 31, 2009 judgment of conviction[1] of the United States District Court for the Southern District of New York (Sandra L. Townes, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment is **AFFIRMED**.

Defendant-appellant Tomas Serna pleaded guilty in the District Court to one count of conspiring to distribute (and to possess with intent to distribute) 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii), 846. He also pleaded guilty to one count of distributing (and possessing with intent to distribute) 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii). The District Court determined that Serna was a Career Criminal Offender under the United States Sentencing Guidelines ("Guidelines"). As a result, his Guidelines sentencing range was 262 to 327 months' imprisonment. The District Court sentenced Serna principally to 262 months' imprisonment, the bottom of the Guidelines range. Serna now appeals his sentence, arguing that it "constitute[d] an abuse of discretion" on the part of the District Court.

We review a criminal sentence under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (internal quotation marks omitted). As we have recently explained:

> Our review has two components: procedural review and substantive review. We must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range. Once we have determined that the sentence is procedurally sound, we then review the substantive reasonableness of the sentence, reversing only when the trial court's sentence cannot be located within the range of permissible decisions.

_____

[1] Although the judgment of conviction was dated March 30, 2009, it was entered on the District Court docket on March 31, 2009.

*United States v. Dorvee*, No. 09-0648-cr, 2010 WL 1852930, at *4 (2d Cir. May 11, 2010) (citations and internal quotation marks omitted).

We have considered each of appellant's arguments and have determined that they are meritless. The District Court committed no procedural error in sentencing defendant, and its decision to impose a sentence of 262 months' imprisonment was well within "the range of permissible decisions." *Id.*

## CONCLUSION

For the foregoing reasons, the March 31, 2009 judgment of conviction is **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court